# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BENJAMIN GARNER AND DEBORAH SCHICK, individually and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, an Illinois Insurance Company,<br><br>Defendant. | Civil Action No.: 1:20-cv-04693<br><br>Hon. John Z. Lee |

## DEFENDANT ALLSTATE INSURANCE COMPANY'S OPPOSED PARTIAL MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT OR, IN THE ALTERNATIVE, MOTION TO STAY

NOW COMES Defendant Allstate Insurance Company ("Allstate"), by and through its undersigned counsel of record, and hereby moves to dismiss the First Cause of Action in Plaintiffs' Complaint (ECF No. 1)[1] pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to stay this litigation pending the United States Supreme Court's decision in *Facebook, Inc. v. Duguid*, No. 19-511, 2020 WL 3865252 (July 9, 2020), scheduled for oral argument on December 8, 2020.[2] In support of this Motion, Allstate submits, contemporaneously filed herewith, its Memorandum of Law in Support.

---

[1] Pursuant to the authority in this District, Allstate's partial motion to dismiss extends its time to answer the remaining cause of action in Plaintiffs' Complaint not addressed herein, and therefore Allstate will not be filing an answer to the Complaint while this Motion is pending before the Court. *See, e.g.*, *Intercom Ventures, LLC v. Fastv, Inc.*, No. 13 C 232, 2013 WL 2357621, at *7 (N.D. Ill. May 28, 2013) (acknowledging that a timely-filed partial Rule 12(b)(6) motion extends the defendant's time to respond to the remaining claims until after the [c]ourt's decision); *Vendetti v. Compass Envtl., Inc.*, No. 06 CV 3556, 2006 WL 8199711, at *3 (N.D. Ill. Oct. 25, 2006) (acknowledging that courts in the Northern District have held that "a defendant's filing of a partial motion to dismiss automatically extends its time to answer the unchallenged counts, as if it had moved to dismiss all counts").

[2] On October 16, 2020, consistent with the Court's rules, the undersigned attempted to contact Plaintiffs' counsel by phone to discuss whether he would consent (or object) to the filing of this Motion and the relief

As set forth in Allstate's accompanying Memorandum of Law in Support, Plaintiffs Benjamin Garner and Deborah Schick conclusorily allege that Allstate or agents on its behalf violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") by placing calls made with an automatic telephone dialing system ("ATDS") to Plaintiffs without their prior express written consent. The First Cause of Action of Plaintiffs' Complaint warrants dismissal as Plaintiffs have merely parroted the statutory language of the TCPA and failed to allege facts sufficient to permit the Court to draw a reasonable inference that an ATDS was used in placing the purported calls. Plaintiffs' claim therefore does not meet the Rule 12 pleading standards and should be dismissed due to its vague and conclusory nature.

In the alternative, the Court should stay the entirety of this case pending the Supreme Court's ruling in *Facebook v. Duguid* in which the Supreme Court is expected to resolve the growing circuit split as to what constitutes an ATDS under the TCPA. By addressing the definitional scope of ATDS, the Supreme Court may conclusively provide the standard by which TCPA plaintiffs are to raise and sufficiently plead ATDS allegations, which is fundamental to this case. Judicial economy and efficiency also favor staying this litigation due to the upcoming oral argument scheduled in the *Facebook* case in December 2020 and the early, pre-discovery posture of this case.

WHEREFORE, Allstate respectfully requests that the Court dismiss Plaintiffs' First Cause of Action with prejudice or, in the alternative, stay the entirety of this matter pending the United

---

sought herein. Plaintiffs' counsel's voicemail inbox was full, and the undersigned was unable to leave a message. The undersigned then sent a detailed e-mail to Plaintiffs' counsel outlining the Motion and seeking Plaintiffs' counsel's consent for the filing of the Motion and, if opposed, the basis for the opposition. As of the time of filing this Motion, the undersigned has not received a response. Allstate assumes, therefore, the Motion will be opposed by Plaintiffs.

States Supreme Court's decision in *Facebook* and grant any other relief the Court may deem appropriate.

Dated: October 19, 2020

                Respectfully submitted,

                Allstate Insurance Company

                */s/ Lewis S. Wiener*
                Lewis S. Wiener
                EVERSHEDS SUTHERLAND (US) LLP
                700 Sixth Street, N.W., Suite 700
                Washington, DC 20001
                Telephone: 202-383-0140
                Facsimile: 202-637-3593
                lewiswiener@eversheds-sutherland.com

                Timothy J. McCaffrey (Bar No. 6229804)
                EVERSHEDS SUTHERLAND (US) LLP
                900 N. Michigan Avenue, Suite 1000
                Chicago, IL 60611
                Telephone: 312-535-4445
                Facsimile: 312-724-9322
                timmcaffrey@eversheds-sutherland.com

                Francis X. Nolan, IV (*pro hac vice*)
                EVERSHEDS SUTHERLAND (US) LLP
                The Grace Building
                1114 Avenue of the Americas, 40th Fl.
                New York, NY 10036
                Telephone: 212-389-5083
                Facsimile: 212-389-5099
                franknolan@eversheds-sutherland.com

                *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on October 19, 2020, a copy of the foregoing Defendant Allstate Insurance Company's Opposed Partial Motion to Dismiss Plaintiffs' Class Action Complaint or, in the Alternative, Motion to Stay was served via ECF to the following attorneys of record:

Steven L. Woodrow
Woodrow & Peluso, LLC
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Tel: 720-213-0675
Fax: 303-927-0809
swoodrow@woodrowpeluso.com
*Attorneys for Plaintiffs*

                                        */s/ Lewis S. Wiener*
                                        Lewis S. Wiener