IN THE UNTED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **BENJAMIN GARNER AND DEBORAH SCHICK,** individually and on behalf of all similarly situated individuals**,** | )<br>)<br>)  Case No. 1:20-cv-04693<br>) |
| Plaintiffs, | )  **JURY TRIAL DEMANDED**<br>) |
| v. | )<br>) |
| **ALLSTATE INSURANCE COMPANY,** an Illinois insurance company, | )<br>)<br>) |
| Defendant. | ) |

## JOINT INITIAL STATUS REPORT

**I.      The Nature of the Case:**

A.  Identify the attorneys of record for each party, including the lead trial attorney.

      For Plaintiffs:    Steven L. Woodrow
swoodrow@woodrowpeluso.com
Patrick H. Peluso
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E Mexico Ave., Suite 300
Denver, CO 80210
Tel: 720-213-0675

      For Defendant:    Lewis S. Wiener (lead trial attorney)
EVERSHEDS SUTHERLAND (US) LLP
700 Sixth Street, N.W., Suite 700
Washington, DC 20001
Telephone: 202-383-0140
Facsimile: 202-637-3593
lewiswiener@eversheds-sutherland.com

Timothy J. McCaffrey (Bar No. 6229804)
EVERSHEDS SUTHERLAND (US) LLP
900 N. Michigan Avenue, Suite 1000
Chicago, IL 60611
Telephone: 312-535-4445
Facsimile: 312-724-9322

timmcaffrey@eversheds-sutherland.com

Francis X. Nolan, IV (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
The Grace Building
1114 Avenue of the Americas, 40th Fl.
New York, NY 10036
Telephone: 212-389-5083
Facsimile: 212-389-5099
franknolan@eversheds-sutherland.com

B. State the basis for federal jurisdiction.

**Plaintiffs' Position:** This case is an alleged class action brought under the TCPA, a federal statute. As such, this Court has original jurisdiction under 28 U.S.C. § 1331. The Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), *et seq.* ("CAFA") because there are over 100 class members, there is minimal diversity, and there is over $5,000,000 at issue when the claims of the Classes are aggregated. None of the exceptions to CAFA apply. Plaintiff Garner is a natural person and citizen of Texas. Plaintiff Schick is a natural person and citizen of Arizona. Defendant Allstate is an insurance company with its principal place of business located in Illinois.

**Defendant's Position:** Allstate Insurance Company ("Allstate") denies that Plaintiffs may bring this case as a class action. Notwithstanding this objection, Allstate does not contest the Court's original jurisdiction under 28 U.S.C. § 1331. Allstate respectfully refers the parties and Court to its Corporate Disclosure Statement (ECF No. 20), which provides that Allstate is a wholly-owned subsidiary of Allstate Insurance Holdings, LLC, a Delaware limited liability company. Allstate Insurance Holdings, LLC is a wholly-owned subsidiary of The Allstate Corporation, also a Delaware corporation.

C. Describe the nature of the claims asserted in the complaint and any counterclaims.

The case challenges Allstate's alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), specifically the TCPA's prohibition against making unsolicited autodialed calls and its bar against placing unsolicited telemarketing calls to consumers whose numbers appear on the National Do Not Call Registry. Plaintiffs Benjamin Garner and Deborah Schick allege that Allstate, through its agents, placed multiple autodialed telemarketing calls to them for Allstate's insurance products and services without their consent. Plaintiffs also allege that their cellphone numbers were listed on the National Do Not Call Registry at the time of the alleged calls. Plaintiffs have brought this action on behalf of themselves and two proposed nationwide classes (an ATDS Class and a DNC Registry Class).

Allstate denies any liability to the Plaintiffs or the putative classes. Allstate has filed a partial motion to dismiss or, in the alternative, to stay. Allstate reserves all rights to raise any counterclaim(s) after discovery commences.

D.  A statement of the major legal and factual issues in the case:

**Plaintiffs' Position**:
1. Whether the equipment used by Defendant (or any third-party acting on Allstate's behalf) to make the calls constitutes an ATDS under the TCPA;
2. Whether Defendant (or any third-party acting on Allstate's behalf) obtained prior express consent to make the calls;
3. Whether the proposed class can be certified as a class action;
4. Whether Defendant (or any third-party acting on behalf of Defendant) made repeated unsolicited calls to consumers who were registered on the National DNC Registry;
5. Whether Plaintiffs and the other members of the Classes are entitled to statutory damages; and
6. Whether any violations of the TCPA were committed knowingly or willingly such that the Court should award treble damages.

**Defendant's Position:**
1. Whether Allstate is directly or vicariously liable for the alleged calls at issue;
2. Whether Plaintiffs satisfied Rule 12 pleading standards in alleging that they received calls placed with an autodialer or ATDS;
3. Whether the dialing system allegedly used to make the calls qualifies as an "automatic telephone dialing system" under 47 U.S.C. § 227(a)(1) or 47 C.F.R. § 64.1200(f);
4. Whether the alleged calls introduced an "advertisement" or constituted "telemarketing" or "telephone solicitations" under 47 U.S.C. § 227(a) or 47 C.F.R. § 64.1200;
5. Whether the alleged calls were made with the appropriate consent of Plaintiffs, an affirmative defense under the TCPA;
6. Whether the alleged calling conduct at issue is appropriate for class certification pursuant to Rule 23;
7. Whether Plaintiffs are entitled to any relief, individually or as class representatives; and
8. Whether Plaintiffs are entitled to bring this action on behalf of any such classes.

E.  Describe the relief sought by the plaintiff(s).

Plaintiffs seek statutory damages for Defendant's alleged violations of the TCPA, which provides $500 per unlawful call, which may be trebled to $1,500 per call where the calls were made willfully and/or knowingly. Plaintiffs also seek reasonable attorneys' fees and costs, pre- and post-judgment interest, and to enjoin Allstate from any alleged unsolicited calling activities to individuals listed on the National DNC Registry. Plaintiffs will calculate damages depending upon the number of class members and the number of calls following discovery.

**II.     Pending Motions and Case Plan:**

The Initial Status Hearing is scheduled to be conducted telephonically on Thursday, November 5, 2020 at 9:15 a.m. (CT). On October 19, 2020, Allstate filed a Partial Motion to Dismiss Plaintiffs' Class Action Complaint or, in the alternative, Motion to Stay. (ECF No. 17).

Plaintiffs are presently preparing responses in opposition. Plaintiffs' response is due by November 17, 2020, and Allstate's reply is due by December 4, 2020. (ECF No. 21).

 A. Submit a proposal for a discovery plan, including the following information:

  1. The general type of discovery needed;

 **Plaintiffs' Position**: Discovery will be needed on the allegations asserted in the Complaint and the legal issues set forth above, including written discovery and a 30(b)(6) examination of Defendant and subpoenas (for documents, depositions, and potential inspection of any dialing equipment) issued to any third parties who Defendant claims, or discovery otherwise reveals, played a role in the making of the calls or the securing of consent.

 **Defendant's Position**: Allstate takes the position that a stay of the case in its entirety is appropriate pending the U.S. Supreme Court's decision in *Facebook v. Duguid*, No. 19-511, 2020 WL 3865252 (July 9, 2020), *cert. granted*, as set forth in its Partial Motion to Dismiss or, in the Alternative, Motion to Stay (ECF No. 17). Alternatively, discovery should be stayed until the Court issues a decision on the Partial Motion to Dismiss and Allstate serves its Answer to the Complaint.

 In the event the Court denies Allstate's requests as stated, Allstate agrees with the discovery deadlines provided below. Allstate anticipates that it will seek both oral and written discovery and may take third-party discovery as necessary.

  2. A date to issue written discovery;

 The Parties shall serve their first set of discovery requests no later than thirty (30) days following the Court's entry of a discovery schedule.

  3. A fact discovery completion date;

 Plaintiffs initially proposed a 10-month discovery schedule. Due to the factual complexity of Plaintiffs' allegations and the combined eleven alleged calls received by Plaintiffs, as well as ongoing logistical challenges arising from the COVID-19 pandemic, Defendant has proposed a slightly longer schedule: an estimated thirteen (13) month discovery period, with the first ten (10) months for fact discovery and the last three (3) months for expert discovery. Plaintiffs agree with Defendant's proposal for thirteen (13) months. At the close of this initial thirteen (13) month discovery period, the Parties will brief class certification. Following a ruling on class certification the Court would hold a subsequent case management conference and establish a schedule for the remainder of the case, including a period for any remaining discovery and dates for dispositive motions, a pre-trial conference, and trial.

 The Parties propose the following deadlines:
- Rule 26(a)(1) Disclosures
    - <u>November 20, 2020</u>


- Motion to Amend Pleadings and/or Add Parties
    - February 19, 2021
- Deadline to Complete Fact Discovery
    - August 23, 2021
- Initial Expert Disclosures Due
    - Plaintiffs' disclosures due September 6, 2021
    - Allstate's disclosures due October 6, 2021
- Rebuttal Expert Disclosures
    - November 5, 2021
- Deadline to Complete Expert Discovery
    - December 6, 2021
- Class Certification
    - Motion: January 5, 2022; opposition February 21, 2022; reply March 10, 2022

4. A date for the filing of dispositive motions.

This Court should set at the case management conference following a decision on Plaintiffs' Motion for Class Certification, deadlines for the remainder of the case, including any outstanding discovery, dispositive motions, pre-trial, and trial.

B. With respect to trial:

Plaintiffs have made a jury demand. The Parties anticipate that if this matter is certified as a class action, then the trial will last 3-5 days.

### III. Consent to Proceed Before a Magistrate Judge

The Parties do not consent to have a magistrate judge conduct all further proceedings.

### IV. Status of Settlement Discussions

The Parties have not yet engaged in settlement discussions but may begin such discussions during an early stage of this case. The Parties do not request a settlement conference at this time.

Respectfully Submitted,

**BENJAMIN GARNER & DEBORAH SCHICK**,
individually and on behalf of two Classes of similarly situated individuals

Dated: October 30, 2020         By:     /s/ Steven L. Woodrow
                                        One of Plaintiffs' Attorneys

|  |  |
|---|---|
|  | Marc E. McCallister<br>mem@mccallisterlawgroup.com<br>Gary D. McCallister<br>gdm@mccallisterlawgroup.com<br>McCallister Law Group<br>200 North LaSalle Street, Suite 2150<br>Chicago, IL 60601<br>(312) 345-0611<br><br>Steven L. Woodrow<br>swoodrow@woodrowpeluso.com<br>Patrick H. Peluso*<br>ppeluso@woodrowpeluso.com<br>Woodrow & Peluso, LLC<br>3900 E. Mexico Avenue, Suite 300<br>Denver, Colorado 80210<br>Tel: 720-213-0675<br>Fax: 303-927-0809<br><br>*Attorneys for Plaintiffs and the Classes*<br><br>* *Pro Hac Vice Admission to Be Sought* |
|  | **ALLSTATE INSURANCE COMPANY** |
| Dated: October 30, 2020 | By: */s/ Lewis S. Wiener*<br>　　One of Defendant's Attorneys<br><br>Lewis S. Wiener<br>EVERSHEDS SUTHERLAND (US) LLP<br>700 Sixth Street, N.W., Suite 700<br>Washington, DC 20001<br>Telephone: 202-383-0140<br>Facsimile: 202-637-3593<br>lewiswiener@eversheds-sutherland.com<br><br>Timothy J. McCaffrey (Bar No. 6229804)<br>EVERSHEDS SUTHERLAND (US) LLP<br>900 N. Michigan Avenue, Suite 1000<br>Chicago, IL 60611<br>Telephone: 312-535-4445<br>Facsimile: 312-724-9322<br>timmcaffrey@eversheds-sutherland.com<br><br>Francis X. Nolan, IV (*pro hac vice*)<br>EVERSHEDS SUTHERLAND (US) LLP<br>The Grace Building |

6

1114 Avenue of the Americas, 40th Fl.
New York, NY 10036
Telephone: 212-389-5083
Facsimile: 212-389-5099
franknolan@eversheds-sutherland.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on October 30, 2020.

                                     /s/ Steven L. Woodrow