UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BENJAMIN GARNER AND DEBORAH SCHICK, individually and on behalf of all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, an Illinois Insurance Company,<br><br>Defendant. | Civil Action No.: 1:20-cv-04693<br><br>Hon. John Z. Lee |

**DEFENDANT ALLSTATE INSURANCE COMPANY'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS OPPOSED PARTIAL MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT IN LIGHT OF THE *FACEBOOK v. DUGUID* DECISION**

Defendant Allstate Insurance Company ("Allstate"), by and through its undersigned counsel of record, respectfully submits this supplemental brief in support of its Opposed Partial Motion to Dismiss Plaintiffs' Class Action Complaint (ECF No. 17) in light of the recent United States Supreme Court decision, *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021) on April 1, 2021. For the reasons set forth herein, Allstate respectfully requests that the Court dismiss the First Cause of Action of Plaintiffs' Complaint (ECF No. 1) with prejudice.

**I.      Introduction**

As explained in Allstate's Memorandum of Law in Support of its Motion (ECF No. 18) and Reply (ECF No. 27), Plaintiffs fail to allege facts that, taken as true, plausibly give rise to their claim that they received calls placed using an automatic telephone dialing system ("ATDS" or autodialer) as defined under the Telephone Consumer Protection Act ("TCPA") and interpreted recently by the Supreme Court in *Facebook*. The relevant factual allegations in the Complaint are entirely conclusory and, even read in a light most favorable to Plaintiffs, do not satisfy the federal

1

pleading standard. Moreover, even the conclusory allegations in the Complaint do not meet the definition of an ATDS as clarified in *Facebook*. 141 S. Ct. at 1167 (defining ATDS as a device with "the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator").

**II.     Plaintiffs' Allegations of an ATDS.**

To state a claim for a violation of the TCPA, Plaintiffs must allege that (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system or an artificial or prerecorded voice; and (3) without the recipient's prior express written consent. 47 U.S.C. § 227(b)(1). The TCPA defines an ATDS as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1)(A)-(B). Plaintiffs' conclusory allegations that an ATDS was used to place the alleged calls are so scant they can be restated here in their entirety:

> Para. 3: "Allstate's agents, acting on Allstate's behalf, called persons using an automatic telephone dialing system ('ATDS') and repeatedly called persons who had registered their phone numbers on the National DNC Registry."
>
> Para. 19: "In placing the calls that form the basis of this Complaint, Defendant utilized an automatic telephone dialing system ('ATDS') in violation of the TCPA."
>
> Para. 20: "Specifically, the hardware and software used by Defendant has the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention)."
>
> Paras. 34, 45: "The calls were made with an ATDS."
>
> Para. 58: "Defendant made the calls using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention. The telephone dialing equipment utilized by

> Defendant or its agents, also known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner. Defendant's autodialer disseminated information *en masse* to Plaintiffs and other consumers."
>
> Para. 59: "By making the calls to Plaintiffs' cellphones and the cellphones of members of the No Consent Class without their prior express consent, and by utilizing an automatic telephone dialing system to make those calls, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii)."

Not a single one of these conclusory allegations – or any other allegation in the Complaint – supports a claim that an ATDS was used to place any of the calls to Plaintiffs. Each and every allegation is a bare assertion entirely devoid of facts. For this reason alone, and as explained in Allstate's Memorandum of Law in Support of its Motion and Reply, the First Cause of Action in Plaintiffs' Complaint should be dismissed with prejudice. Def.'s Mem. at 6–11; Def.'s Reply at 1–8.

### III. The U.S. Supreme Court's Opinion in *Facebook v. Duguid*.

Even if Plaintiffs had alleged facts in support of their conclusory statements that an ATDS was used to place the purported calls to Plaintiffs, the First Cause of Action alleging a violation of the TCPA still fails. The Supreme Court, in *Facebook*, clarified the TCPA's definition of an autodialer. Plaintiffs' characterizations do not meet this standard.

The question before the Supreme Court in *Facebook* was whether the TCPA's definition of ATDS "encompasses equipment that can 'store' and dial telephone numbers, even if the device does not 'us[e] a random or sequential number generator.'" 141 S. Ct. at 1167. The Supreme Court held that it does not. *Id.* The Supreme Court overturned the Ninth Circuit Court of Appeals, which held that a device only needs to have the capacity to "store numbers to be called" and "to dial such numbers automatically." *Id.* at 1168 (citations omitted). The Ninth Circuit agreed with the plaintiff, who argued that a dialing device qualifies as an ATDS if it either: (a) produces

3

numbers using a random or sequential generator; or (b) simply stores numbers, regardless of whether it uses a random or sequential generator to do so. The view of the Ninth Circuit and the plaintiff in *Facebook* as to what constitutes an ATDS was broader than that of the Seventh Circuit Court of Appeals. In *Gadelhak v. AT&T Services, Inc.*, the Seventh Circuit held that "the phrase 'using a random or sequential number generator' describes how the telephone numbers must be 'stored' or 'produced.'" 950 F.3d 458, 464, 468 (7th Cir. 2020) (adopting interpretations of the Third and Eleventh Circuit Courts of Appeals that "the phrase 'using a random or sequential number generator' modifies both 'store' and 'produce'") (citations omitted).

In *Facebook*, the Supreme Court disagreed with the Ninth Circuit and Mr. Duguid, while agreeing with the Seventh Circuit's interpretation of the definition of ATDS as explained in *Gadelhak*. Specifically, the Supreme Court held that "[t]o qualify as an 'automatic telephone dialing system,' a device must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator." 141 S. Ct. at 1167; *see also id.* at 1169 ("Because Facebook's notification system neither stores nor produces numbers 'using a random or sequential number generator,' it is not an autodialer."); *id.* at 1170 ("In sum, Congress' definition of an autodialer requires that in all cases, whether storing or producing numbers to be called, the equipment in question *must* use a random or sequential number generator.") (emphasis added); *id.* at 1171 ("The statutory context confirms that the autodialer definition excludes equipment that does not 'us[e] a random or sequential number generator.'") (quoting 47 U.S.C. § 227(a)(1)(A)).

## IV. Application of *Facebook* to Plaintiffs' Complaint.

Even Plaintiffs' conclusory and unsupported allegations that an ATDS was used do not meet the definition as clarified by the Supreme Court. For example, in Paragraph 20 of the

4

Complaint, Plaintiffs allege, in part, "[s]pecifically, the hardware and software used by Defendant has the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention." This allegation makes no mention of the requirement that a machine must "us[e] a random or sequential number generator." 47 U.S.C. § 227(a)(1)(A). In that same paragraph of the Complaint, Plaintiffs allege that "Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention)." Compl. ¶ 20. This characterization, conclusory as it is, also does not fit the definition of an ATDS. Indeed, the TCPA's restrictions on autodialers does not extend to all predictive dialers, as Plaintiffs suggest here. 141 S. Ct. at 1171 ("Expanding the definition of an autodialer to encompass any equipment that merely stores and dials telephone numbers would take a chainsaw to these nuanced problems when Congress meant to use a scalpel.").

In only a single paragraph of the Complaint do Plaintiffs come close to defining an ATDS correctly, albeit without any factual allegations in support. *See* Compl. ¶ 58 ("Defendant made the calls using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention."). The second sentence of that same paragraph undermines the first sentence, however, because Plaintiffs go on to allege that the purported dialer is "also known as a predictive dialer," which is expressly not an ATDS as clarified in *Facebook*. Specifically, Plaintiffs allege in conclusory fashion that an ATDS is a machine that "dial[s] numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and

5

systematic manner." *Id.* The Supreme Court in *Facebook* rejected the plaintiff's similar argument that Facebook's dialer system was an ATDS, despite "capacity to dial numbers without human intervention." *Id.* at 1173 (citations omitted).

Plaintiffs have no factual support for their claim that an ATDS was used to place the calls alleged in their Complaint, so the Court should dismiss the First Cause of Action. Furthermore, dismissal should be with prejudice, as Plaintiffs do not appear to have any good faith, factual basis to plead the use of an ATDS, as clarified by *Facebook*. To the extent Plaintiffs suggest that they are entitled to discovery as to what was used to place the alleged calls, they are mistaken. As explained in Allstate's Reply, Plaintiffs cannot rely on future discovery to lessen or evade their pleading obligations as they are limited to the allegations set forth in the Complaint. Reply at 4 (citing cases).

It would be futile (and improper) for the Court to afford Plaintiffs an opportunity to replead because, as shown by Plaintiffs' intention to seek discovery on the capacity of the purported system(s), there are simply no facts to support their bald assertion that an ATDS was used that would allow it to meet the statutory definition of ATDS as interpreted by the Supreme Court.

**V.     Conclusion**

For the foregoing reasons, Allstate respectfully requests that the Court dismiss the First Cause of Action in Plaintiffs' Complaint with prejudice and grant any other relief the Court may deem appropriate.

Dated:  April 16, 2021

                                                Respectfully submitted,

                                                Allstate Insurance Company

                                                */s/ Lewis S. Wiener*
                                                Lewis S. Wiener

EVERSHEDS SUTHERLAND (US) LLP
700 Sixth Street, N.W., Suite 700
Washington, DC 20001
Telephone: 202-383-0140
Facsimile: 202-637-3593
lewiswiener@eversheds-sutherland.com

Timothy J. McCaffrey (Bar No. 6229804)
EVERSHEDS SUTHERLAND (US) LLP
900 N. Michigan Avenue, Suite 1000
Chicago, IL 60611
Telephone: 312-535-4445
Facsimile: 312-724-9322
timmccaffrey@eversheds-sutherland.com

Francis X. Nolan, IV (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
The Grace Building
1114 Avenue of the Americas, 40th Fl.
New York, NY 10036
Telephone: 212-389-5083
Facsimile: 212-389-5099
franknolan@eversheds-sutherland.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2021, a copy of the foregoing Defendant Allstate Insurance Company's Supplemental Brief in Support of its Opposed Partial Motion to Dismiss Plaintiffs' Class Action Complaint was served via ECF to the following attorneys of record:

Steven L. Woodrow
Patrick H. Peluso
Woodrow & Peluso, LLC
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Tel: 720-213-0675
Fax: 303-927-0809
swoodrow@woodrowpeluso.com
ppeluso@woodrowpeluso.com

Marc E. McCallister
Gary D. McCallister
McCallister Law Group
200 North LaSalle Street, Suite 2150
Chicago, Illinois 60601
Tel: 312-345-0611
mem@mccallisterlawgroup.com
gdm@mccallisterlawgroup.com

*Attorneys for Plaintiffs*

                                              */s/ Lewis S. Wiener*
                                              Lewis S. Wiener