IN THE UNTED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **BENJAMIN GARNER AND DEBORAH SCHICK,** individually and on behalf of all similarly situated individuals**,** | ) ) ) ) | Case No. 1:20-cv-04693 |
| Plaintiffs, | ) ) | JURY TRIAL DEMANDED |
| v. | ) ) ) | |
| **ALLSTATE INSURANCE COMPANY,** an Illinois insurance company, | ) ) ) ) | |
| Defendant. | ) | |

JOINT STATUS REPORT SUBMITTED IN ACCORDANCE WITH
THE COURT'S MARCH 12, 2021 ORDER (Dkt. 35)

The Parties, in response to the Court's Order of March 12, 2021 (Dkt. 35), hereby submit the following Joint Status Report:

**(1) The current deadlines imposed by the Court and whether the matter has been referred to the Magistrate Judge in any fashion (e,g., for discovery supervision; for resolution of a motion; for settlement; etc.)**

No matters have been referred to Magistrate Judge Cox, the designated magistrate judge in this case. The current deadlines imposed by the Court are as follows:

- The deadline for the completion of fact discovery is 8/23/21; and
- The Court orders the parties to file a joint written status report by 6/13/21.

Plaintiff requests a 90-day extension of the fact discovery deadline until November 21, 2021. The extension will enable the parties to effectuate any remaining discovery, resolve any discovery disputes, and schedule all depositions prior to proceeding to expert discovery.

Rather than extend the discovery deadline arbitrarily, which Allstate Insurance Company ("Allstate") opposes, Allstate requests that the Court stay the current fact discovery deadline pending its ruling on Allstate's Partial Motion to Dismiss (Dkt. 17 filed October 19, 2020) and, if necessary, until Allstate serves its Answer to the Complaint.

**(2) The progress of discovery, if discovery is ongoing**

*Plaintiffs' Position*

Discovery is ongoing. The Parties have exchanged Rule 26(a)(1) disclosures and have exchanged initial written discovery. On January 29, 2021, Plaintiffs served their responses to Defendant's first set of discovery requests, along with their corresponding document production. Allstate also served its responses to Plaintiffs' first set of discovery requests on January 29, 2021, however, Allstate withheld its document production citing the need for a confidentiality order. On March 11, 2021, after the Confidentiality Order was entered in this case, Allstate produced the documents responsive to Plaintiff's first set of discovery requests. Plaintiffs need relevant documents (including emails) and data prior to scheduling depositions, which will include a Rule 30(b)(6) examination of the Defendant's designee together with depositions of at least some of the nine witnesses identified by Allstate in its Rule 26(a)(1) disclosures.

*Defendant's Position*

Allstate produced documents to Plaintiffs on March 11, 2021. Allstate will conduct additional discovery, if necessary, following the Court's ruling on the pending Partial Motion to Dismiss (Dkt. 17).

**(3) the status of briefing on unresolved motions, if any**

On October 19, 2020, Allstate filed a Partial Motion to Dismiss or, in the Alternative, Motion to Stay (Dkt. 17). On November 17, 2020 Plaintiffs filed an Opposition (Dkt. 25), and Allstate filed its Reply on December 4, 2020 (Dkt. 27). Following the Supreme Court's decision in *Facebook, Inc. v. Duguid*, the Court directed the parties to file supplemental briefs regarding how *Facebook* impacts Allstate's pending partial motion to dismiss. (Dkt. 36). The Court also denied Allstate's Motion to Stay as moot in light of the *Facebook* decision. Allstate filed its supplemental brief on April 16, 2021 (Dkt. 37), and Plaintiffs filed their supplemental brief on April 30, 2021 (Dkt. 38). Briefing is now complete, and the motion is pending. Plaintiffs anticipate, following appropriate discovery, moving for class certification.

**(4) whether the parties have engaged or are engaging in settlement discussions and the status of those discussions**

*Plaintiffs' Position*

The Parties have not yet engaged in settlement discussions. This case should be resolved on a class basis with the assistance of a mediator.

*Defendant's Position*

Allstate does not believe this matter should be referred to class mediation at this time, but does not foreclose the possibility to participating in mediation if and when appropriate.

**(5) for cases without any future court dates, an agreed proposed schedule**

    Not Applicable.

**(6) for cases that have future court dates and if the parties believe there is good cause to extend the current deadlines, a proposed amended schedule and the basis for the request**

    ***Plaintiffs' Position*** As stated above, Plaintiffs request a brief 90-day extension of the current fact discovery cut-off until November 21, 2021. This brief extension will permit the parties sufficient time to schedule and complete all depositions and will provide sufficient time to effectuate any remaining discovery that may be necessary. Thereafter, the parties will proceed to the expert discovery phase.

    Further, Plaintiff requests that the Court enter an Order setting the following deadlines for expert discovery and class certification briefing dates:

- Initial Expert Disclosures Due
    - Plaintiffs' disclosures due December 6, 2021
    - Allstate's disclosures due January 6, 2022
- Rebuttal Expert Disclosures
    - February 3, 2022
- Deadline to Complete Expert Discovery
    - March 7, 2022
- Class Certification
    - Motion: April 5, 2022; opposition: May 23, 2022; reply: June 8, 2022

    ***Defendant's Position*** Allstate requests that the Court stay the current fact discovery deadline pending its ruling on Allstate's Partial Motion to Dismiss (Dkt. 17). Allstate does not object to the Court's entry of an expert discovery or class certification briefing schedule, but believes that any such entry is premature while the motion to dismiss remains pending.

**(7) a request for any agreed action that the Court can take without a hearing**

    None at this time.

**(8) Whether the parties believe a telephonic hearing or in-person hearing is necessary within the next 60 days, and, if so, the issue(s) that warrants discussion and the parties' respective positions.**

    None at this time.

Respectfully Submitted,

**BENJAMIN GARNER & DEBORAH SCHICK**, individually and on behalf of two Classes of similarly situated individuals

Dated: June 11, 2021     By:     /s/ Steven L. Woodrow
                    One of Plaintiffs' Attorneys

Marc E. McCallister
mem@mccallisterlawgroup.com
Gary D. McCallister
gdm@mccallisterlawgroup.com
McCallister Law Group
200 North LaSalle Street, Suite 2150
Chicago, IL 60601
(312) 345-0611

Steven L. Woodrow
swoodrow@woodrowpeluso.com
Patrick H. Peluso
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Tel: 720-213-0675
Fax: 303-927-0809

*Attorneys for Plaintiffs and the Classes*

**ALLSTATE INSURANCE COMPANY**

Dated: June 11, 2021     By: /s/ Lewis S. Wiener
                    One of Defendant's Attorneys

Lewis S. Wiener
EVERSHEDS SUTHERLAND (US) LLP
700 Sixth Street, N.W., Suite 700
Washington, DC 20001
Telephone: 202-383-0140
Facsimile: 202-637-3593
lewiswiener@eversheds-sutherland.com

Timothy J. McCaffrey (Bar No. 6229804)
EVERSHEDS SUTHERLAND (US) LLP
900 N. Michigan Avenue, Suite 1000
Chicago, IL 60611

        Telephone: 312-535-4445
        Facsimile: 312-724-9322
        timmcaffrey@eversheds-sutherland.com

        Francis X. Nolan, IV (*pro hac vice*)
        EVERSHEDS SUTHERLAND (US) LLP
        The Grace Building
        1114 Avenue of the Americas, 40th Fl.
        New York, NY 10036
        Telephone: 212-389-5083
        Facsimile: 212-389-5099
        franknolan@eversheds-sutherland.com

        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on June 11, 2021.

        */s/ Steven L. Woodrow*