IN THE UNTED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **BENJAMIN GARNER AND DEBORAH SCHICK,** individually and on behalf of all similarly situated individuals**,** | ) ) ) ) | Case No. 1:20-cv-04693 |
| Plaintiffs, | ) ) | JURY TRIAL DEMANDED |
| v. | ) ) ) | |
| **ALLSTATE INSURANCE COMPANY,** an Illinois insurance company, | ) ) ) | |
| Defendant. | ) | |

### JOINT STATUS REPORT SUBMITTED IN ACCORDANCE WITH THE COURT'S JUNE 17, 2021 ORDER (Dkt. 40)

The Parties, in response to the Court's Order of June 17, 2021 (Dkt. 40), hereby submit the following Joint Status Report:

**(1) The current deadlines imposed by the Court and whether the matter has been referred to the Magistrate Judge in any fashion (e,g., for discovery supervision; for resolution of a motion; for settlement; etc.)**

No matters have been referred to Magistrate Judge Cox, the designated magistrate judge in this case. The current deadlines imposed by the Court are as follows:

- The deadline for the completion of fact discovery is 11/21/21; and
- The Court ordered the parties to file a joint written status report by 8/31/21.

Plaintiffs are currently reviewing discovery responses provided by Allstate and are preparing a deficiency letter. Allstate is doing the same. While the current deadlines should afford the Parties sufficient time to complete discovery, disputes may require additional time to resolve. If either or both Parties determine as discovery continues that additional time is required, the Party or Parties will file an appropriate motion showing good cause for the proposed enlargement.

**(2) The progress of discovery, if discovery is ongoing**

*Plaintiffs' Position*

Discovery is ongoing. The Parties have exchanged Rule 26(a)(1) disclosures and have exchanged initial written discovery. On January 29, 2021, Plaintiffs served their responses to

1

Defendant's first set of discovery requests, along with their corresponding document production. Allstate also served certain responses to Plaintiffs' first set of discovery requests on January 29, 2021, but Allstate withheld its document production citing the need for a confidentiality order. On March 11, 2021, after the Confidentiality Order was entered in this case, Allstate produced the documents responsive to Plaintiffs' first set of discovery requests. Plaintiffs are preparing to serve a discovery dispute letter, which addresses certain deficiencies in Allstate's responses to discovery.

The Parties expect to confer within the coming week or so to attempt to resolve the disputes without involving the Court. Plaintiffs need relevant documents (including emails) and data prior to scheduling depositions, which will include a Rule 30(b)(6) examination of the Defendant's designee together with depositions of at least some of the nine witnesses identified by Allstate in its Rule 26(a)(1) disclosures.

### *Defendant's Position*

Allstate is preparing to send a letter to Plaintiffs outlining deficiencies and inconsistencies in Plaintiffs' production and discovery responses. Allstate anticipates that discovery will continue and plans to take depositions of at least some of the witnesses identified by Plaintiffs in their Rule 26(a)(1) disclosures, including both named Plaintiffs.

### (3) the status of briefing on unresolved motions, if any

On October 19, 2020, Allstate filed a Partial Motion to Dismiss or, in the Alternative, Motion to Stay (Dkt. 17). On November 17, 2020 Plaintiffs filed an Opposition (Dkt. 25), and Allstate filed its Reply on December 4, 2020 (Dkt. 27). Following the Supreme Court's decision in *Facebook, Inc. v. Duguid*, the Court directed the parties to file supplemental briefs regarding how *Facebook* impacts Allstate's pending partial motion to dismiss. (Dkt. 36). The Court also denied Allstate's Motion to Stay as moot in light of the *Facebook* decision. Allstate filed its supplemental brief on April 16, 2021 (Dkt. 37), and Plaintiffs filed their supplemental brief on April 30, 2021 (Dkt. 38). On August 30, 2021, the Court denied the motion to dismiss.

Plaintiffs anticipate, following appropriate discovery, moving for class certification. Allstate anticipates filing a motion for summary judgment as to all claims.

### (4) whether the parties have engaged or are engaging in settlement discussions and the status of those discussions

### *Plaintiffs' Position*

The Parties have not yet engaged in settlement discussions. This case should be resolved on a class basis with the assistance of a mediator.

### *Defendant's Position*

Allstate is open to engaging in settlement discussions.

**(5) for cases without any future court dates, an agreed proposed schedule**

Not Applicable.

**(6) for cases that have future court dates and if the parties believe there is good cause to extend the current deadlines, a proposed amended schedule and the basis for the request**

*Plaintiffs' Position*

The Parties proposed the following expert discovery and class certification briefing dates in their Joint Initial Status Report (Dkt. 22) and the prior Joint Status Report (Dkt. 39). The following deadlines have not yet been entered by the Court:

- Initial Expert Disclosures Due
    - Plaintiffs' disclosures due December 6, 2021
    - Allstate's disclosures due January 6, 2022
- Rebuttal Expert Disclosures
    - February 3, 2022
- Deadline to Complete Expert Discovery
    - March 7, 2022
- Class Certification
    - Motion: April 5, 2022; opposition: May 23, 2022; reply: June 8, 2022

*Defendant's Position*

Allstate agrees with the above.

**(7) a request for any agreed action that the Court can take without a hearing**

None at this time.

**(8) Whether the parties believe a telephonic hearing or in-person hearing is necessary within the next 60 days, and, if so, the issue(s) that warrants discussion and the parties' respective positions.**

None at this time.

Respectfully Submitted,

**BENJAMIN GARNER & DEBORAH SCHICK**, individually and on behalf of two Classes of similarly situated individuals

Dated: August 31, 2021

By: ___/s/ Steven L. Woodrow___
One of Plaintiffs' Attorneys

Marc E. McCallister
CAVANAGH LAW GROUP

161 North Clark St., Ste. 2070
Chicago, IL 60601
Office: 312.425.1900
Fax: 312.425.1904
mem@cavanaghlawgroup.com

Steven L. Woodrow
swoodrow@woodrowpeluso.com
Patrick H. Peluso
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Tel: 720-213-0675
Fax: 303-927-0809

*Attorneys for Plaintiffs and the Classes*

**ALLSTATE INSURANCE COMPANY**

Dated: August 31, 2021    By: */s/ Lewis S. Wiener*
                         One of Defendant's Attorneys

Lewis S. Wiener
EVERSHEDS SUTHERLAND (US) LLP
700 Sixth Street, N.W., Suite 700
Washington, DC 20001
Telephone: 202-383-0140
Facsimile: 202-637-3593
lewiswiener@eversheds-sutherland.com

Timothy J. McCaffrey (Bar No. 6229804)
EVERSHEDS SUTHERLAND (US) LLP
900 N. Michigan Avenue, Suite 1000
Chicago, IL 60611
Telephone: 312-535-4445
Facsimile: 312-724-9322
timmcaffrey@eversheds-sutherland.com

Francis X. Nolan, IV (*pro hac vice*)
EVERSHEDS SUTHERLAND (US) LLP
The Grace Building
1114 Avenue of the Americas, 40th Fl.
New York, NY 10036
Telephone: 212-389-5083
Facsimile: 212-389-5099
franknolan@eversheds-sutherland.com

*Attorneys for Defendant*

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on August 31, 2021.

*/s/ Steven L. Woodrow*
